UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFREY CHAMBERS,

    Plaintiff,

v.                                                                                                  Hon. Hala Y. Jarbou

PEOPLE OF THE STATE                                                      Case No. 1:21-cv-00842
OF MICHIGAN, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on September 29, 2021, against People of the State of Michigan and the City of Holland. Plaintiff asserts that his constitutional rights were violated in a misdemeanor criminal ordinance enforcement action, assigned Case No. HL-20-86114-OM. (ECF 1 at PageID.1.) Plaintiff lists a number of ways in which his rights were violated during the proceeding and requests that the Court "have these false charges expunged," and award him $1 million in both damages and punitive damages. (*Id.* at PageID.2.) Plaintiff made similar allegations regarding Case No. HL-20-86114-OM in a previous case filed in this Court, *Chambers v. City of Holland*, No. 1:21-cv-123 (*Chambers* I), in which he sued the City of Holland, as well as the judge and the Holland City Attorney in the misdemeanor case. The Court dismissed Plaintiff's claims on the grounds that they were barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), and his claims against the judge and the City Attorney were barred by absolute judicial immunity and prosecutorial immunity. *Chambers* I, ECF No. 7 at PageID.20.

Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial

review, I recommend that Plaintiff's complaint be dismissed because his claims remain *Heck*-barred, and he otherwise fails to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

First, as to People of the State of Michigan, this claim may be construed as a claim against the State of Michigan itself. *See Flessner v. Michigan*, No. 1:19-cv-1035, 2020 WL 746843, at *2

(W.D. Mich. Feb. 14, 2020); *McLittle v. O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997), *aff'd*, 172 F.3d 49 (6th Cir. 1998). Plaintiff may not maintain a Section 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Moreover, Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir.1993); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Pennhurst*, 465 U.S. 89. Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In addition, the State of Michigan is not a "person" who may be sued under Section 1983 for money damages. *See Lapides v. Board of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Therefore, Plaintiff's claim against the State of Michigan is properly dismissed for failure to state a claim.

Second, the claim against the City of Holland fails because a local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought

3

by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974) ). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff's claim fails at the first step because he has not alleged or identified a policy or custom. Instead, the bulk of Plaintiff's allegations concern trial errors by the judge or infirmities in his conviction rather injuries arising out of the City's policy or custom. As previously noted in *Chambers* I, however, the trial judge has absolute immunity on any claim for money damages. In addition, as part of Michigan's "one court of justice," Mich. Const. art. VI §§ 1, 4, Michigan district courts are subject to the protections of the Eleventh Amendment. *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 760–64 (6th Cir. 2010).

Third, as noted above, Plaintiff's claims were found to be *Heck*-barred in *Chambers* I, and Plaintiff has failed to show that the bar has been removed. Finally, a ground not identified in *Chambers* I but still applicable to his claims is the *Rooker-Feldman* doctrine. The doctrine, rooted in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), provides that lower federal courts are without authority to review final judgments of state courts. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Michigan*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416). The Supreme Court has clarified that the doctrine is limited to "cases brought by state-court losers

4

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Plaintiff essentially invites this Court to review and vacate the state-court's judgment. However, there is no federal jurisdiction when, as here, the claim is "a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)).

## CONCLUSION

For the reasons articulated above, I recommend that Plaintiff's *Heck*-barred claims be **dismissed without prejudice** and that his claims against the State of Michigan and the City of Holland be **dismissed with prejudice**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: October 5, 2021                                           /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).